UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION
CIVIL ACTION NO. _____

MOUNTAIN LAUREL ASSURANCE COMPANY            PLAINTIFF

V.

KAREN LINGAR            DEFENDANTS
     Serve via Secretary of State:
         Karen Gregory Lingar
         Apt. 6-H, Happy Hollow Apartments
         Happy Hollow Road
         Middlesboro, Kentucky 40965

PATRICIA PERKINS
     Serve via Secretary of State:
         Patricia Gregory Perkins
         Route 1, Box 46-H
         Pineville, Kentucky 40977

OLIVER BEVE GREGORY, JR.
     Serve via Secretary of State:
         Oliver Beve Gregory, Jr.
         Route 1, Box 9
         Pineville, Kentucky 40977

THE ESTATE OF BEVE JUNIOR GREGORY
     Serve via Secretary of State:
         Karen Gregory Lingar, Co-Administrator
         Apt. 6-H, Happy Hollow Apartments
         Happy Hollow Road
         Middlesboro, Kentucky 40965

     Serve via Secretary of State:
         Oliver Beve Gregory, Jr., Co- Administrator
         Route 1, Box 9
         Pineville, Kentucky 40977

DONALD ENGLE, JR.
    Serve via Secretary of State:
        Donald Engle, Jr.
        HC 86 Box 133
        Pineville, Kentucky 40977

REBECCA ENGLE
    Serve via Secretary of State:
        Rebecca Engle
        HC 86 Box 133
        Pineville, Kentucky 40977

BIG K, INC.
    Serve:
        Kenneth Lawson
        169 Coleman Lane
        Harrogate, Tennessee 37752

## COMPLAINT FOR DECLARATORY RELIEF

1. Plaintiff, Mountain Laurel Assurance Company ("Mountain Laurel"), is an Ohio corporation with the principal place of business of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

2. Defendant, the Estate of Oliver Junior Gregory ("Slusher"), has appointed his Administrators to be Oliver Beve Gregory, Jr., with an address of Route 1, Box 9, Pineville, KY 40977, and Karen Gregory Lingar, with an address of Apt. 6-H Happy Hollow Apartments, Happy Hollow Road, Middlesboro, KY 40965.

3. Defendant, Patricia Gregory Perkins, resides at Route 1, Box 46-H, Pineville, KY 40977.

4. Defendants, Donald and Rebecca Engle, reside at HC 86, Box 133, Pineville, KY 40977.

5. Defendant, Big K, Inc., is a Tennessee corporation with its principal place of business located at 169 Coleman Lane, Harrogate, TN 37752.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as it involves citizens of different states in the amount in controversy, as described more fully below exceeds the sum or value of $75,000, exclusive of interest and costs.

## FACTUAL BACKGROUND AND REQUEST FOR RELIEF

7. Mountain Laurel is in the business of issuing motor vehicle insurance. On or about December 20, 2004, Mountain Laurel issued Tennessee Commercial Auto Policy Agreement number 08395490-0 (the "policy") to Big K, Inc., providing to it commercial auto coverage, including uninsured motorist coverage ("UM coverage") in the amount of $100,000 "each person," and $100,000 "each accident." (*See* copies of Big K, Inc.'s policy and declarations page, attached as Exhibits A and B, respectively).

8. Kenneth Lawson, owner of Big K, Inc., purchased the above-referenced policy through James Brummett Insurance, PO Box 606, Oliver Springs, Tennessee 37840. (*See* Exhibit A).

9. On or about August 19, 2005, a one-vehicle accident ("accident") occurred in Middlesboro, Kentucky, wherein a parked vehicle rolled down a hill and struck a pump house, killing Oliver Beve Gregory, Jr. and injuring Donald Engle.

10. Defendants instituted tort actions in Bell Circuit Court in the state of Kentucky for this accident, *Lingar, et al. v. Long, et al.*, Civil Action No. 06-CI-000343, and *Engle, et al. v. Long, et al.*. Civil Action No. 06-CI-000354. Both matters have been consolidated into Civil Action No. 06-CI-000343. (*See* Lingar Complaint and Engle Complaint, attached hereto as Exhibits C & D, respectively).

11. Recently, after the deposition in the tort actions of Kenneth Lawson, owner of Big K, Inc., counsel for Defendants indicated that they will be presenting claims to Mountain Laurel on behalf of Defendants seeking to recover UM coverage under the policy.

12. Based upon the fact that the policy issued to Big K, Inc. is a Tennessee policy, Mountain Laurel seeks a declaration that Tennessee law applies and that Defendants are not afforded UM coverage under the policy.

13. Specifically, Form No. 2016 of the applicable policy, entitled "Uninsured Motorists Coverage" states:

> Subject to the Limits of Liability, **we** will pay for damages, other than punitive or exemplary damages, which an **insured** is legally entitled to recover from the owner or operator of an **uninsured auto** because of **bodily injury** sustained by an **insured**, caused by an **accident**, and arising out of the ownership, maintenance or use of an **uninsured auto**. (*See* Exhibit B, p. 40).

14. The additional definitions for that portion of the policy define **insured** as:

> b. if the named insured is a corporation, partnership, organization or any other entity that is not a living person:
>
> i. any person **occupying your insured auto**; and
> ii. any person who is entitled to recover damages covered by this endorsement because of **bodily injury** sustained by a person listed in i. above. (*See* Exhibit B, p. 41).

15. Further, an **uninsured auto** is defined as:

> a motor vehicle or **trailer** of any type to which no liability bond or policy applies at the time of the **accident**; ....An **uninsured auto** is also an **auto** to which a liability bond or policy applies at the time of the **accident** but the sum of the limits of liability available under all valid and collectible liability bonds and policies is less than the limits of liability shown on the Declarations page for the coverages under this endorsement. (*See* Exhibit B, p. 42).

16. Because Beve Junior Gregory and Donald Engle were not occupying an **insured auto** at the time of the accident, Defendants are not **insureds** and are not entitled to UM coverage.

17. Also, because the sum of the limits of liability available under all valid and collectible liability bonds and policies is not less than the limits of liability shown on the Declarations page for the coverages under Big K, Inc.'s endorsement, the auto involved is not an **uninsured auto**. For this reason as well, Defendant are not entitled to UM coverage.

18. There is an actual controversy existing between the parties concerning the coverage claimed under this policy with Mountain Laurel.

19. Mountain Laurel has no adequate remedy at law and this is a proper case for the Court to exercise jurisdiction and declare rights and liabilities to the parties. The Court should afford Mountain Laurel relief from its uncertainty and insecurity regarding its rights, status and future conduct with respect to the applicable coverage under Big K, Inc.'s Mountain Laurel policy.

20. The parties' names herein are interested in the outcome of this controversy and are necessary and proper parties to a final determination of their rights under the policy.

WHEREFORE, Plaintiff, Mountain Laurel Assurance Company ("Mountain Laurel") demands a judgment be entered against Defendants as follows:

1. Declaring, under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, that Tennessee law applies and that no uninsured motorist coverage shall be afforded to Defendants under Big K, Inc.'s automobile policy with Mountain Laurel for the accident occurring on August 19, 2005;

2. Awarding Mountain Laurel its costs;

3. Trial by jury; and

4. Awarding Mountain Laurel all other relief to which it may appear entitled.

Respectfully submitted,

FROST BROWN TODD LLC

_____
John R. Wingo, BPR No. 016955
424 Church Street
Suite 1600
Nashville, Tennessee 37219-2308
(615) 251-5550
jwingo@fbtlaw.com

*Attorney for Mountain Laurel Assurance Company*